IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHAILE STEINBERG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AEGERION PHARMACEUTICALS, INC., DAVID SCHEER, SOL J. BARER, ANTONIO M. GOTTO JR., SANDFORD D. SMITH, PAUL G. THOMAS, ANNE M. VANLENT, JORGE PLUTZKY, DONALD K. STERN, QLT INC., and ISOTOPE ACQUISITION CORP.,<br><br>Defendants. | Case No. 1:16-cv-11668 |

**STIPULATION AND ORDER DISMISSING ACTION AND
RESERVING JURISDICTION FOR PLAINTIFF'S COUNSEL'S APPLICATION
FOR AN AWARD OF ATTORNEYS' FEES & REIMBURSEMENT OF EXPENSES**

WHEREAS, Plaintiff filed the above-captioned action (the "Action") challenging the public disclosures made in the preliminary proxy statement filed with the United States Securities and Exchange Commission ("SEC") on or around August 8, 2016 in connection with the proposed acquisition of Aegerion Pharmaceuticals, Inc. ("Aegerion") by QLT Inc. ("Parent") through its wholly-owned subsidiary, Isotope Acquisition Corp. ("Merger Sub," and together with Parent, "QLT");

WHEREAS, the Action asserts claims for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934; ;

WHEREAS, on or around October 6, 2016, Aegerion filed a Definitive Proxy Statement with the SEC;

WHEREAS, on or around October 20, 2016, Aegerion filed a Form 8-K supplementing the disclosures contained in the Definitive Proxy Statement (the "Supplemental Disclosures"), which Plaintiff believes addressed and mooted his claims regarding the sufficiency of the disclosures in the preliminary proxy statement;

WHEREAS, it is the current intention of counsel for Plaintiff to submit an application for an award of attorneys' fees and reimbursement of expenses (the "Fee and Expense Application") in connection with the claims that they believe have been mooted;

WHEREAS, all of the Defendants in the Action reserve the right to oppose any potential Fee and Expense Application;

WHEREAS, no class has been certified in the Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or her attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application or award;

WHEREAS, Defendants do not admit that the Supplemental Disclosures contain any material information or disclose additional material facts, and Defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious;

NOW, THEREFORE, upon consent of the parties and subject to the approval of the Court:

IT IS HEREBY ORDERED this 27th day of December, 2016 that:

1. The Action is dismissed pursuant to Federal Rule of Civil Procedure 41(a), and all claims asserted therein are dismissed with prejudice as to Plaintiff, individually, and without prejudice as to any actual or potential claims of any other putative class member.

2. Because the dismissal is with prejudice as to Plaintiff only, and without prejudice as to all other members of the putative class, notice of this dismissal is not required.

3. The Court retains jurisdiction of the Action solely for the purpose of hearing and deciding Plaintiff's forthcoming Fee and Expense Application.

4. This Order is entered without prejudice to any position, claim or defense any party may assert with respect to the Fee and Expense Application or any matter related thereto, which includes the Defendants' right to challenge the basis for, as well as the amount of, the Fee and Expense Application.

5. The parties shall meet and confer concerning Plaintiff's potential Fee and Expenses Application. To the extent that the parties are unable to reach an agreement concerning the Fee and Expense Application, they will contact the Court to set a stipulated briefing and hearing schedule for Plaintiff's Fee and Expense Application.

6. If the parties reach an agreement concerning the Fee and Expense Application, they will notify the Court. Upon such notification, the Court will close the Action.

Dated: November 28, 2016            **MATORIN LAW OFFICE, LLC**

                                                     By: */s/ Mitchell J. Matorin*
                                                             Mitchell J. Matorin (BBO #649304)

**OF COUNSEL:**                             18 Grove Street, Suite 5
                                                          Wellesley, MA 02482

**RIGRODSKY & LONG, P.A.**         (781) 453-0100
Seth D. Rigrodsky
Brian D. Long                                   *Attorneys for Plaintiff*
Gina M. Serra
Jeremy J. Riley
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

Dated: November 28, 2016

ROPES & GRAY LLP

By: /s/ C. Thomas Broan
C. Thomas Brown (BBO #667558)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Thomas.Brown@ropesgray.com

*Attorneys for Aegerion Pharmaceuticals, Inc., David Scheer, Sol J. Barer, Antonio M. Gotto Jr., Sandford D. Smith, Paul G. Thomas, Anne M. Vanlent, Jorge Plutzky, and Donald K. Stern*

Dated: November 28, 2016

**WEIL GOTSHAL & MANGES LLP**

/s/ Patrick J. O'Toole, Jr.

Patrick J. O'Toole, Jr. (BBO #559267)
WEIL, GOTSHAL & MANGES LLP
100 Federal Street
Boston, Massachusetts 02110
Tel.: (617) 772-8300 *Attorneys for Defendants QLT Inc. and Isotope Acquisition Corp.*

SO ORDERED this 27th day of December, 2016

_____
UNITED STATES DISTRICT JUDGE

5